## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENTT M. SHERWOOD,** | : | **CIVIL ACTION NO. 1:10-CV-01073** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY BEARD, Commissioner,** | : | |
| **Pennsylvania Department of** | : | |
| **Corrections, *et al.*** | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

Petitioner, Brentt M. Sherwood ("Sherwood"), a state prisoner sentenced to death following his convictions for first-degree murder and related charges, filed a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254.[1] Presently before the court is Sherwood's motion (Doc. 26) to stay the federal proceedings to permit him to exhaust his remedies in state court. For the reasons stated below, the court will deny the motion and dismiss Sherwood's habeas petition without prejudice.

---

[1] A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

I.      **Factual Background  and Procedural History**

Sherwood was convicted of first-degree murder and related charges in the

Northumberland County Court of Common Pleas.  The Northumberland County

Court of Common Pleas sentenced Sherwood to death on July 30, 2007.

Commonwealth v. Sherwood, No. CP-49-CR-0000342-2005 (Northumb. C.P.).  On

November 6, 2009, the Pennsylvania Supreme Court affirmed Sherwood's

conviction.  Commonwealth v. Sherwood, 982 A.2d 483 (Pa. 2009).  The United

States Supreme Court denied Sherwood's timely petition for certiorari review on

May 3, 2010.  Sherwood v. Commonwealth, 130 S. Ct. 2415 (2010).  On August 11,

2010, Sherwood filed a *pro se* petition for post-conviction relief in Pennsylvania

state court under Pennsylvania's Post-Conviction Relief Act ("PCRA") on August

11, 2010.  (Doc. 26, at 2).

Sherwood initiated this federal habeas action on May 19, 2010.  The court

directed Sherwood to file his petition for a writ of habeas corpus on or before

February 24, 2011.  (Doc. 7).  After four extensions of time, Sherwood filed his

petition with the court on October 3, 2011.  (Doc. 22).  On October 14, 2011,

Sherwood filed a motion (Doc. 26) to stay the federal proceedings to permit him to

exhaust his remedies in state court.  The motion has been fully briefed and is ripe

for disposition.  (See Docs. 27-28).

## II.   Discussion

### A.   Legal Framework

#### 1.   Exhaustion Requirement

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

prohibits a federal court from granting a petition for a writ of habeas corpus unless

"(1) the applicant has exhausted the remedies available in the courts of the State,

(2) no such state remedy is available or (3) available remedies are ineffective to

protect the applicant's rights." Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998)

(citing 28 U.S.C. § 2254(b)(1)) (internal quotations omitted); see also Rose v. Lundy,

455 U.S. 509, 518 (1982) (noting that the exhaustion requirement serves interests of

comity and federalism and holding that federal district courts may not adjudicate

mixed habeas petitions).[2]  Thus, the petitioner must fairly present all of his or her

federal claims through "one complete round of the state's established appellate

review process" prior to filing for habeas relief in federal court. O'Sullivan v.

Boerckel, 526 U.S. 838, 845 (1999); see also Lambert v. Blackwell, 387 F.3d 210, 233-

34 (3d Cir. 2004).  To effectuate the "total exhaustion" requirement, federal courts

must dismiss mixed habeas petitions without prejudice. See Lundy, 455 U.S. at 522.

---

[2] A mixed habeas petition contains both unexhausted and exhausted claims.

### 2. Statute of Limitations

The AEDPA established a one-year statute of limitations for filing a federal habeas corpus petition.[3] See 28 U.S.C. § 2244(d)(1).  AEDPA's one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review."  28 U.S.C. § 2244(d)(1)(A); Pabon v. Mahanoy, 654 F.3d 385, 403 (3d Cir. 2011).  To encourage petitioners to *first* proceed in state court, the AEDPA tolls its one-year limitation period when a "properly filed" application for state post-conviction or collateral review is "pending," but not during the pendency of a federal habeas petition.  See 28 U.S.C. § 2244(d)(2);  Duncan v. Walker, 533 U.S. 167, 181 (2001).  An application is "properly filed" pursuant to § 2244(d)(2) when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record . . . [and]  in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

### 3. Stay-and-Abeyance

The Supreme Court recognized an exception to AEDPA's total exhaustion requirement in Rhines v. Weber, 544 U.S. 269 (2005).  See Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).  The Supreme Court noted that the interplay between AEDPA's one-year statute of limitation and total exhaustion requirement risked

---

[3]  The PCRA also requires petitioners to file a petition for post-conviction relief in Pennsylvania state court within one year of the date the judgment becomes final.  42 PA. CON. STAT § 9545 (b)(1).

forcing petitioners to choose between pursuing either their exhausted or

unexhausted claims.  Id. at 275.  The Supreme Court explicated:

> If a petitioner files a timely but mixed petition in federal district court,
> and the district court dismisses it under Lundy after the limitations
> period has expired, this will likely mean the termination of any federal
> review.  For example, if the District Court in this case had dismissed
> the petition because it contained unexhausted claims, AEDPA's 1-year
> statute of limitations would have barred Rhine from returning to
> federal court after exhausting the previously unexhausted claims in
> state court.  Similarly, if a district court dismisses a mixed petition
> close to the end of the 1-year period, the petitioner's chances of
> exhausting his claims in state court and refiling his petition in federal
> court before the limitations period runs are slim.

Id.  In light of this risk, the Rhine court held that district courts may stay the federal

habeas proceedings in cases involving a "mixed petition," holding the federal

habeas petition in abeyance while the petitioner proceeds with his or her

unexhausted claims in state court.  Id. at 275-76

The Supreme Court cautioned, however, that the liberal use of this stay-and-

abeyance procedure could undermine two principal objectives of the AEDPA: (1)

encouraging finality and (2) streamlining habeas proceedings.  Id. at 277.  Thus, the

Rhine court held that district courts should grant stays only in "limited

circumstances."  Id.  Specifically, stay-and-abeyance is only appropriate when the

district court determines: (1) there was good cause for the petitioner's failure to

exhaust his or her claims first in state court; (2) petitioner's claims are potentially

meritorious; (3) petitioner did not engage in intentionally dilatory litigation tactics.

Id.; Heleva, 581 F.3d at 190 (3d Cir. 2009).

**B.**     **Sherwood's Petition**

In the case *sub judice*, Sherwood readily concedes that he has not exhausted

all of his state remedies.  (See Doc. 26, at 3-5).  Nonetheless, Sherwood contends

that the court should stay the federal proceedings to permit him to exhaust his

claims in state court instead of dismissing his federal habeas petition.  The court

holds that Sherwood is not entitled to a stay-and-abeyance under Rhine's three-

part test because Sherwood has not demonstrated good cause for his failure to

exhaust his remedies in state court.[4]  Accordingly, the court will dismiss Sherwood's

habeas petition without prejudice.

Sherwood argues that a stay is warranted for three reasons.  First, Sherwood

asserts that dismissing his petition jeopardizes the timeliness of his federal habeas

claims.  In the instant action, AEDPA's one-year limitation period began to run on

May 3, 2010, when Sherwood's judgment became final.  AEDPA's one-year

limitation period ran, at most, for 100 days until Sherwood filed a *pro se* petition for

post-conviction relief under the PCRA in the Northumberland County Court of

Common Pleas.[5]  Thus, after the state court resolves Sherwood's application for

state post-conviction relief, Sherwood will have at least 265 days in which to file a

timely habeas corpus petition in federal court.  Dismissing Sherwood's petition will

_____

[4] Sherwood does not cite Rhine in his motion or briefs.  (See Docs. 26-28).

[5]  The statute of limitations may have tolled at an earlier date because "[t]he
federal 'prisoner mailbox rule' provides that a document is deemed filed on the date
it is given to prison officials for mailing."  Pabon, 654 F.3d at 391 n.1 (3d Cir. 2011)
(internal citation omitted).

not jeopardize the timeliness of Sherwood's federal habeas claims because

Sherwood has ample time to file a new habeas petition after exhausting his state

claims.[6]  See Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004).  In fact, other district

courts in the Third Circuit have refused to grant stays under similar

circumstances.[7]  See, e.g., Rullan v. Balicki, No. 11-CV-4497, 2011 WL 6129818

(D.N.J. Dec. 7, 2011) Walter v. Beard, No. 1:09-CV-2465, 2011 WL 5593125 (M.D. Pa.

Nov. 17 2011) (refusing to grant a stay in a capital habeas proceeding when the

petitioner would have 256 days to file a timely habeas petition after exhausting her

claims in state court); Cummings v. Beard, No. 09-CV-0433, 2011 WL 239794 (E.D.

Pa. Jan. 25, 2011).

---

[6]  The court recognizes that Sherwood would be prejudiced if he did not
"properly file" his petition for post-conviction relief in Pennsylvania state court.
See Pace v. DeGuglielmo, 544 U.S. 408, 416 (2005) (noting that "a habeas petitioner's
reasonable confusion about whether a state postconviction filing would be timely
will ordinarily constitute 'good cause' for him to file his petition in federal court
without meeting exhaustion requirements of the Antiterrorism and Effective Death
Penalty Act").  Nothing in Sherwood's filings indicates that his state petition for
post-conviction relief was not "properly filed."  Sherwood should file a motion for
reconsideration if he is "reasonably confused" as to whether he "properly filed" his
state court petition.  The motion shall specify the facts demonstrating the basis of
Sherwood's "reasonable confusion" and address the remaining requirements of the
Rhine test.

[7]  Sherwood contends that district courts regularly grant "stay-and-
abeyances" in capital habeas proceedings while state court remedies are exhausted.
(See Doc. 26, at 3-4 (citing cases)).  However, the Supreme Court and Third Circuit
have explicitly held that stays should be granted only in "limited circumstances."
See Rhine, 544 U.S. at 270; Heleva, 581 F.3d at 190-91.  The court finds the cases
cited by Sherwood unpersuasive because the vast majority neglect to reference
Rhine.

Second, Sherwood contends that dismissing his habeas petition may subject him to changes in the law if Pennsylvania qualifies as an "opt-in" state under the AEDPA. AEDPA's opt-in provision establishes an expedited federal habeas review process in capital cases. See 28 U.S.C. § 2261. To qualify, the Attorney General of the United States must certify, *inter alia*, that the state provides counsel to habeas corpus petitioners subject to a capital sentence. Id. Sherwood has provided no evidence—beyond mere speculation—that Pennsylvania will attempt to qualify as an "opt-in" state. The court finds that a prospective change in the law does not qualify as "good cause" under Rhine. A contrary holding would effectively entitle every capital habeas petitioner to a stay, significantly frustrating AEDPA's objectives of encouraging finality and streamlining federal habeas proceedings. Id. at 277.

Finally, Sherwood argues this court should stay the federal habeas proceedings because the respondents failed to file a brief in opposition to his motion. (Doc. 28). Local Rule 7.6. imputes concurrence on an opposing party who fails to respond to a motion. See M.D. PA. L.R. 7.6 ("Any party who fails to comply with this rule shall be deemed not to oppose such motion"). Regardless, the court must exercise its discretion in accordance with Supreme Court and Third Circuit precedent. Respondent's failure to actively oppose Sherwood's motion does not constitute "good cause" for granting a stay under Rhines. For these reasons, the court will deny Sherwood's motion for a stay of his federal habeas proceedings and dismiss his habeas petition without prejudice for failure to exhaust state remedies.

## IV.   Conclusion

Sherwood has prematurely filed his federal habeas petition before giving the

state court an opportunity to review his claims.  By proceeding to state court and

exhausting his state remedies, Sherwood will be facilitating the orderly

consideration and disposition of his claims by creating a complete factual record.

Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).  To grant Sherwood a stay-and-

abeyance for a situation he created would "dimin[ish] statutory incentives to

proceed first in state court [and] would . . . increase the risk of the very piecemeal

litigation that the exhaustion requirement is designed to reduce."  Duncan, 533 U.S.

at 180.  Therefore, the court will dismiss Sherwood's habeas petition without

prejudice.  An appropriate order follows.[8]


                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge



Dated:       December 30, 2011

---

[8]  Under 28 U.S.C. § 2253(c), a habeas court may not issue a certificate of
appealability unless "the applicant has made a substantial showing of the denial of
a constitutional right."  The habeas petitioner must demonstrate that "reasonable
jurists" would find the district court erred in dismissing the petition.  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).  The court finds that there is no basis to issue a
certificate in this action.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRENTT M. SHERWOOD,** | : | **CIVIL ACTION NO. 1:10-CV-01073** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY BEARD, Commissioner,** | : | |
| **Pennsylvania Department of** | : | |
| **Corrections,** *et al.* | : | |
| | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 30th day of December, 2011, upon consideration of the

motion (Doc. 26) to stay the federal proceedings filed by petitioner Brentt M.

Sherwood ("Sherwood"), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.  Sherwood's motion (Doc. 26) to stay the federal proceeding is
    DENIED.

2.  Sherwood's petition for a writ of habeas corpus (Doc. 22) is
    DISMISSED without prejudice to his right to seek timely habeas relief
    once he has exhausted his state court remedies.

3.  Sherwood's motion to exceed page limitation (Doc. 21) is DENIED as
    moot.

4.  Issuance of a certificate of appealability is DENIED.

5.  The Clerk of Court is directed to CLOSE the case.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge